*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. N. FULWIDER, Minor.

UNPUBLISHED
June 23, 2022

No. 358377
Wayne Circuit Court
Family Division
LC No. 2006-461408-NA

Before: MARKEY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Respondent appeals the trial court's order terminating her parental rights to BF[1] under MCL 712A.19b(3)(j) (reasonable likelihood that child will be harmed if returned to parent). Because we find that termination is the best interests of the child, we affirm.

## I. BACKGROUND

Respondent has a lengthy history with the Department of Health and Human Services (DHHS). Four years prior to BF's birth, respondent's parental rights were terminated with regard to another child. Shortly after BF's birth, DHHS petitioned for BF's removal due to the prior termination. While BF and respondent were ultimately reunified, BF was removed from respondent's care four years later because she left him alone in a hot car while she was shopping. Respondent regained custody of BF after she participated in additional reunification services.

But two years after reunification, a third petition was filed because BF was found wandering outside exposed to the winter elements without a coat, shoes, socks or appropriate clothing on multiple occasions in a two-month period. BF, who has developmental and cognitive deficits, escaped the unlocked home without respondent's knowledge. During the home visits, CPS workers observed bruises on BF, noted that his basic hygiene needs were neglected, and

---

[1] The identity and whereabouts of BF's biological father are unknown and unascertainable. Accordingly, the unknown father's parental rights to BF were terminated for abandonment.

documented unsuitable living conditions. Respondent failed to follow through with safety and treatment plans that were developed to address BF's special needs.

Due to the significant risk to BF's personal safety, DHHS filed a petition requesting that the trial court take jurisdiction over BF under MCL 712A.2(b)(1) and (2), and enter an order terminating respondent's parental rights to BF under MCL 712A.19b(3)(g) (failure to provide custody and care despite financial ability to do so), (i) (parental rights to one or more siblings of the child previously terminated with failure to remedy contributing conditions), and (j).

Respondent pleaded no contest to jurisdiction and the existence of statutory grounds for termination. Respondent, who suffers from mental health issues, was requested to undergo a clinic evaluation to aid in determining BF's best interests. The referee determined that statutory grounds for termination existed pursuant to MCL 712A.19b(3)(j) and that termination was in BF's best interests. The trial court adopted the referee's findings and terminated respondent's parental rights. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision that termination is in the child's best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). A finding is clearly erroneous when this Court is "left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citations omitted). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). This Court must consider "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id.*

## III. ANALYSIS

Respondent argues that the trial court clearly erred by finding that termination of her parental rights was in BF's best interests. We disagree.

Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App at 411. Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Other relevant factors include "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Here, a preponderance of the evidence in the record supports that respondent's inadequate care and supervision of BF repeatedly jeopardized the child's health and safety. Respondent failed

to appreciate the magnitude of BF's special needs, failed to recognize dangerous behaviors, and failed maintain necessary mental health and cognitive services for BF. Respondent's inadequate caretaking and supervision of BF, as well as her failure to consistently manage her mental health issues, exposed BF to danger on multiple occasions. The revolving nature of DHHS's involvement with respondent over a span of 15 years suggests that the cycle would likely continue. DHHS cannot provide indefinite supervision. And while, at times, respondent was engaged in weekly supervised visits with BF, she fell asleep or was otherwise distracted at other times. BF's needs for permanence, stability, and long-term safety outweigh any bond that may exist. Accordingly, we conclude that the trial court did not clearly err in finding that termination of respondent's parental rights was in BF's best interests.

## IV. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order terminating respondent's parental rights.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Sima G. Patel